UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:16-CV-00046-GNS

WEST AMERICAN INSURANCE                                                        PLAINTIFF
COMPANY

v.

M&M SERVICE STATION EQUIPMENT
SPECIALISTS, INC., ET AL.                                                      DEFENDANTS

## MEMORANDUM OPINION & ORDER

This matter is before the Court upon Defendant's Motion to Transfer (DN 14), which is ripe for adjudication.  For the reasons stated below, the motion is **DENIED**.

## I.      BACKGROUND

Plaintiff West American Insurance Company ("West American") filed this action seeking declaratory judgment that it has no duty to defend or indemnify Defendants M&M Service Station Equipment Specialists, Inc.'s ("M&M") and Chad Henry ("Henry") in connection with personal injury claims asserted against them by Taylor Montgomery ("Montgomery") in Rowan Circuit Court.  (Compl. ¶ 2, DN 1).  In that action, Montgomery has alleged that Henry, while operating a vehicle owned by M&M, negligently collided with her vehicle.  (Montgomery Compl. ¶¶ 5-8, DN 1-3).  Montgomery has also alleged that M&M is vicariously liable for Henry's negligence.  (Montgomery Compl. ¶ 10).

West American is an insurance company organized under Indiana law with its principal place of business in Massachusetts.  (Compl. ¶ 10).  M&M is a corporation organized under Kentucky law with its principal place of business in Campbell County, Kentucky.  (Compl. ¶ 11; Meyer Decl. ¶ 2, DN 15).  Henry is a citizen of Kentucky who, at least at the time of the accident

1

giving rise to Montgomery's state-court action, resided in Rowan County, Kentucky.  (Compl. ¶ 12; Def.'s Mem. Supp. Mot. Transfer 4, DN 14 [hereinafter Def.'s Mem.]).[1]  Montgomery is a citizen of Kentucky residing in Barren County, Kentucky.  (Compl. ¶ 13; Answer ¶ 5, DN 6). M&M concedes that venue is proper in this Court under 28 U.S.C. § 1391(b)(1) but asks the Court to transfer venue to the Eastern District of Kentucky under 28 U.S.C. § 1404(a).  (Def.'s Mem. 3).

## II.    JURISIDICTION

The Court has subject matter jurisdiction under 28 U.S.C. §§ 2201 and 1332(a) because there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## III.    STANDARD

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ."  28 U.S.C. § 1404(a).  When determining whether transfer is appropriate under this statute, Sixth Circuit courts have considered the following factors:

> (1) the convenience of the witnesses; (2) the location of relevant documents and relative ease of access to sources of proof; (3) the convenience of the parties: (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Pharmerica Corp. v. Crestwood Care Ctr., L.P.*, No. 3:12-CV-00511-CRS, 2013 WL 5425247, at *1 (W.D. Ky. Sept. 26, 2013) (citations omitted); *see also Means v. U.S. Conference of*

---

[1] M&M explains that "upon information and belief, Chad Henry still resides in the Eastern District, though no longer in Morehead, Kentucky."  (Def.'s Mem. 4).

*Catholic Bishops*, 836 F.3d 643, 651 (6th Cir. 2016).  A district court "has broad discretion to grant or deny a motion to transfer," and its decision will be upheld absent clear abuse of discretion.  *See Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994) (citations omitted). Nonetheless, courts must make such decisions on an "individualized, case-by-case consideration of convenience and fairness," according relevant factors "due consideration and appropriate weight."  *Pharmerica Corp.*, 2013 WL 5425247, at \*2 (internal quotation marks omitted) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).  Ultimately, however, the moving party bears the burden of demonstrating that transfer is appropriate.  *See id.* (citation omitted).

## IV.    DISCUSSION

The parties do not dispute that this action could have been brought in the Eastern District of Kentucky.  Thus, the Court need only determine whether transfer is appropriate in light of the factors outlined above.  Each relevant factor is addressed in turn.

### A.    Convenience of Witnesses

"[T]he convenience of the witnesses has been recognized as perhaps the most important factor in the transfer analysis."  *Boiler Specialists, LLC v. Corrosion Monitoring Servs., Inc.*, No. 1:12-CV-47, 2012 WL 3060385, at \*3 (W.D. Ky. 2012) (internal quotation marks omitted) (citation omitted).  That being said, "[i]t is the convenience of the non-party witnesses . . . that is the more important factor and is accorded greater weight."  *Id.* (alterations in original) (internal quotation marks omitted) (citation omitted).  As a result, "the location of the majority of non-party witnesses in one of the two districts generally will tip the balance in favor of that district, regardless of where the party witnesses and their employees reside."  17 Georgene M. Vairo, *Moore's Federal Practice* § 111.13[1][f][iii] (Matthew Bender 3d ed. 2012) [hereinafter Moore's Federal Practice].

According to M&M, nearly all the parties and key witnesses expected to testify in this matter (M&M employees, Henry, and Montgomery) reside in the Eastern District of Kentucky, which weighs in favor of transfer. M&M's argument is unpersuasive for three reasons.

First, all of the potential witnesses identified by M&M are either parties to this action or their agents, which lessens the importance of this factor. *See Boiler Specialists, LLC*, 2012 WL 3060385, at *3. In addition, Montgomery apparently resides in the Western District of Kentucky. While she attends college at Morehead State University, she resides in Barren County. (Def.'s Mem. 4; Answer ¶ 5). Montgomery's residence in Barren County was West American's basis for lying venue here, which M&M concedes was proper. (Def.'s Mem 3). Moreover, Montgomery agrees with West American that transfer is inappropriate. (Montgomery Resp. Def.'s Mot. Transfer 1-2, DN 19).

Finally, as a general matter, the convenience of witnesses is of little concern given the nature of this action. *See Roehl Transp., Inc. v. Kirby*, No. 15-58-GFVT, 2015 WL 7188474, at *3 (E.D. Ky. Nov. 13, 2015) (denying a motion to transfer under Section 1404(a) in declaratory judgment action with similar facts). West American asks the Court to interpret an insurance contract and determine its obligations in relation to the complaint filed by Montgomery in Rowan Circuit Court. Thus, it is unlikely that any of the witnesses identified by M&M will need to appear in court. *See id.* Moreover, M&M has failed to identify what testimony these potential witnesses would offer in this action. *Dayton Power & Light Co. v. E. Ky. Power Coop., Inc.*, 497 F. Supp. 553, 555 (E.D. Ky. 1980) ("A threshold requirement for any motion to transfer is that the movant must go beyond conclusory allegations." (citation omitted)); *see also* Moore's Federal Practice § 111.13[f][v] ("the materiality of the prospective witnesses testimony . . . will

determine the extent to which their convenience will be weighed."). Therefore, this factor does

not weigh in favor of transfer.

### B.        Relative Ease of Access to Sources of Proof

M&M argues that transfer is warranted because the relevant documents and sources of

proof are available in the Eastern District of Kentucky. M&M has not explained what

documents or sources of proof are needed in this action aside from the insurance policy and

Montgomery's state-court complaint. In any event, those documents and others can be filed and

transferred electronically. *See Cowden v. Parker & Assocs., Inc.*, No. 5:09-CV-03230-KKC,

2010 WL 715850, at *4 (E.D. Ky. Feb. 22, 2010) (citation omitted) (holding that "the location of

documentary evidence" did not weigh in favor of transfer because "technological advancements

have facilitated the electronic storage and transmissions of documents from one forum to

another."). Indeed, West American attached the policy at issue and Montgomery's state-court

complaint to their instant Complaint. Thus, this factor does not appear to lend support to M&M.

### C.        Convenience of Parties

When "the plaintiff does not reside in the district in which he or she brought the action,

this fact militates in favor of a transfer to the district where the defendant resides, because the

plaintiff will be inconvenienced by having to travel whether the action is transferred or not."

Moore's Federal Practice § 111.13[e][i]. West American is organized under Indiana law and has

its principal place of business in Massachusetts. Meanwhile, M&M is headquartered in the

Eastern District of Kentucky and Henry resides in the Eastern District.

Montgomery, however, resides in the Western District and opposes M&M's motion to

transfer. Moreover, as explained above, this action involves the interpretation of an insurance

contract—a question of law for the Court to resolve.  It is unlikely that the parties will need to travel to the Western District.  As a result, this factor is a wash.

### D.      Locus of Operative Facts

M&M maintains that transfer is warranted because all of the events leading to this action occurred in the Eastern District.  The fact that the accident giving rise to Montgomery's state-court action occurred in the Eastern District is of no consequence.  The subject policy also was issued in the Eastern District, however, which weighs in favor of transfer.  (Meyer Decl. ¶¶ 3-4); *see also Pharmerica Corp.*, 2013 WL 5425247, at \*3.

### E.      Availability of Process to Compel Attendance of Unwilling Witnesses

Federal Rule of Civil Procedure 45(c)(1) provides, in relevant part:

A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
>  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
>  (B) within the state where the person resides, is employed, or regularly transacts business in person if the person
>>  (i) is a party or a party's officer . . . .

Montgomery and Henry are parties and both reside in Kentucky.  The only M&M employee specifically identified by M&M as a potential witness is its president, Mickey Meyer, who is employed by M&M in Kentucky.  (Meyer Decl. ¶¶ 1-2).  Meyer's declaration does mention that Henry's father, Robert Henry, is an M&M employee residing in Morehead who has given a deposition in Montgomery's state-court action, although it is unclear why his testimony would be necessary in this action.  (Meyer Decl. ¶ 5).  To the extent there are other M&M employees, other than officers, who might need to testify in this case, M&M has failed to identify them.  Moreover, as noted above, it is unlikely that any in-court testimony will be necessary.  Therefore, this factor does not weigh in favor of transfer.

**F.**      <u>Forums' Familiarity with Governing Law</u>

There appears to be no dispute that Kentucky law applies here. According to the Kentucky Supreme Court, contract disputes are governed by the law of the state with the most significant relationship to the contract. *Breeding v. Mass. Indem. & Life Ins. Co.*, 633 S.W.2d 717, 719 (Ky. 1982). As noted above, the insurance contract at issue was issued in Kentucky to M&M, a Kentucky business. Since both districts are equally familiar with Kentucky law, this factor does not weigh in favor of transfer.

**G.**      <u>Weight Accorded Plaintiff's Choice of Forum</u>

It is generally held that "unless the balance [of convenience] is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Gilbert*, 330 U.S. at 508. "However, the weight accorded the plaintiff's choice of forum is . . . reduced . . . where the facts bear little connection to the chosen forum." *Pharmerica Corp.*, 2013 WL 5425247, at *4 (alteration in original) (internal quotation marks omitted) (citation omitted). Moreover, as the Sixth Circuit has recognized, "where the plaintiff does not reside in the chosen forum[,] courts assign less weight to the plaintiff's choice." *Means*, 836 F.3d at 651 (alteration in original) (internal quotation marks omitted) (citation omitted).

Beyond the fact that Montgomery apparently resides here, the Western District of Kentucky has no connection to this case. Thus, while this factor weighs against transfer, it is accorded less weight.

**H.**      <u>Trial Efficiency and Interests of Justice</u>

In light of the nature of this action, the Court concludes that it would be no more efficient to resolve it in the Eastern District of Kentucky. Moreover, M&M has not convinced the Court that interests of justice are in its favor. Thus, this factor weighs against transfer.

## V.    CONCLUSION

After considering all relevant factors, the Court concludes that transfer to the Eastern District of Kentucky is not warranted.  Therefore, Defendant's Motion to Transfer Venue (DN 14) is **DENIED**.

**Greg N. Stivers, Judge**
**United States District Court**

January 31, 2017

cc:    counsel of record

8